IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD DEVONE BALCOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-132-WHA ) [WO] |
| DONALD VALENZA, *et al.*, | ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action challenging the conditions of confinement at the jail, a denial of adequate medical care, and a denial of equal protection. Plaintiff requests injunctive relief, damages for the alleged violations of his constitutional rights, and trial by jury. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### **I. DISCUSSION**

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal action or appeal. The statute, however, protects against abuses of this privilege by allowing a district court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under 28 U.S.C. § 1915A, courts

---

[1] Plaintiff was granted leave to proceed in this action *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

are required, before docketing (or as soon as practicable), to "screen" the complaint. 28 U.S.C. § 1915A(a). Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

A complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e](2)(B)(i)]" as "malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (finding the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *Bagby v. Karriker*, 555 Fed. App'x. 405, 406 (5th Cir. 2014) (unpublished) (affirming the dismissal of the complaint as malicious and frivolous because it duplicated a prior action as the claims it raised could be fairly said to be arising from the same series of events); *Perry v. Culliver*, 2012 WL 1994917, at *2 (S.D. Ala.) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), adopted, 2012 WL 1994914 (S.D. Ala. 2012). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In determining whether a dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021; *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) ("Generally . . . a suit is duplicative of another suit if the claims, parties, and

available relief do not significantly differ between the two actions."). The complaint filed in this case relies on the same challenges against the same defendants as other complaints filed by Plaintiff with this court. The court has considered each aspect of Plaintiff's litigation and finds his complaint is repetitive regarding claims he presents in *Balcom v. Valenza,* Civil Action No. 1:19-CV-81-WHA (M.D. Ala.), and *Balcom v. Valenza,* Civil Action No. 1:19-CV-116 (M.D. Ala.).

Here, Plaintiff files a new cause of action which asserts identical allegations as presented in earlier causes of action filed with this court. Those complaints remain pending. Because the subject of Plaintiff's complaint arises out of the same factual allegations asserted by him in the earlier civil actions, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and malicious. *See Bailey*, 846 F.2d at 1021; *Ridge Gold*, 572 F. Supp. at 1213 (N.D. Ill. 1983) ("The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are . . . devoting scarce judicial resources to the adjudication of the same charges."); *Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before March 18, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous,

conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 4th day of March 2019.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE